Birchard, J.
This bill seeks the reversal of a decree rendered in this court at December term, 1841.
*563 The ease is stated in 11 Ohio, 51.
It'is claimed that the deed is erroneous in two particulars: 1. In not decreeing a specific performance of the agreement to convey the land to Wade. 2. In deciding that plaintiff’s right to call upon Pettibone to surrender the purchase made in his fiduciary character, was lost by lapse of time.
The case was fully examined on the original hearing, and that decision has again been carefully re-examined. We are entirely satisfied that the orginal bill was rightly dismissed. To our own minds, the reasons then given are satisfactory.
For the satisfaction of counsel, it may be well to state more at length the objections to a deed for specific performance. One very serious obstacle in the way is, the want of a contract between the parties, based upon a sufficient consideration. On the part of Pettibone, there was a mere voluntary offer to relinquish his purchase to Wade, or keep the property at $1,200; the acceptance by Wade was a refusal to set a price upon the land, until he should see it in May, 1837, and then Pettibone was to have the preference, if he concluded to sell. This ended the negotiation. No more was heard about the agreement for two years. Pettibone was not relieved from the responsibility he had assumed. If anything could be gathered from the correspondence, showing what the intention *of Pettibone was, it is that he was willing to lot Wade have the land if ho would take it off his hands, and release him from the payment of the purchase money. Probably Wade intended at the time to do this; but he did not do it. He waited until the master required Pettibone to advance the purchase money out of his own funds, and until it had been paid into the hands of the party appearing to be entitled to it from the record. Had there been a sufficient and specific contract, in place of a mere amicable but indefinite understanding, no court of equity should decree its specific performance, after such laches, and after this change in the situation of the parties. Wade had neglected his duty; he had not been prompt where promptness was required.
This same neglect of duty is equally fatal in the other aspect of the case. The opinion of the late chief judge stands upon this basis. He does not place the decision upon the ground that a good claim had been lost by mere lapse of time, but by laches, by neglect to perform what, under the circumstances, was a positive *564 duty, and required upon principles of fair dealing between .man and man. Bill dismissed.