FERNALD E. HAM *vs.* STEPHEN C. KENDALL & others.

A. built an ice-house on B.'s land under an oral agreement that it might remain there five years. A. sold the ice-house to C.; B. then conveyed the land to D. by a deed in which he covenanted that it was free from all incumbrances except permission to A. to have his ice-house on the land for five years from the time he built it; and C. then sold the ice-house to E. *Held*, that E. had the right, before the expiration of the five years, to enter upon the land and remove the ice-house.

TORT against Stephen C. Kendall, Willard Walcott and Darius Dow, for breaking and entering the plaintiff's close and demolishing his ice-house. The case was submitted to the judgment of the Superior Court, on facts agreed substantially as follows :

In December 1866 Lucius Angier made an oral agreement with William Cumston, who was then the owner of the premises, that he might put an ice-house thereon and that it might remain there five years, and he built the ice-house accordingly. In order to set the building the earth was dug away and levelled, and the floor was laid upon stones and posts placed on the ground.

Angier sold the ice-house to the defendant Kendall; Cumston afterwards conveyed the premises to the plaintiff by a warranty deed dated January 1, 1868, in which he covenanted that they were free from all incumbrances, " except permission to Mr. Angier to have his present ice-house on the premises for five years from the time he built it." Kendall subsequently, without the plaintiff's knowledge, sold the building to the defendant Walcott, both Kendall and Walcott then knowing that the plaintiff had become the owner of the land. In November 1871, Walcott entered upon the premises and removed the ice-house after he had been forbidden to do so by the plaintiff. The other defendants assisted him, at his request, in the removal. The ice-house was worth $550 at the time of removal.

The Superior Court ordered judgment for the defendants, and the plaintiff appealed.

*G. W. Park*, (*T. H. Sweetser* with him,) for the plaintiff.

*J. Rutter*, for the defendants.

By THE COURT. When the ice-house was erected upon the land under the agreement, it was personal property. The sales, whether of the land or the building, did not change its character in this respect. No notice to remove it was given to its owner, and he had a right to go upon the land and remove it, and appropriate the materials to his own use.

*Judgment for the defendants.*