Zeller v. Adam.

---

EDWARD ZELLER

*v.*

LOUIS ADAM and others.

A deed for a brewery was given, and, at the same time, a separate bill of sale covering the steam-engine, beer-kettles, etc., then in the buildings and used therein, the avowed intention being to enable the purchasers to remove such fixtures, if they saw fit. A mortgage for

28

Zeller *v.* Adam.

part of the purchase-money, containing a description of the land only, was executed at the same time. Afterwards, another mortgage, expressly including the fixtures mentioned in the bill of sale, was given, and a judgment was recovered against the purchasers, under which the fixtures were levied on.—*Held,* that, as between the first mortgagee and second mortgagee, and judgment creditor, the fixtures are not included in the first mortgage.

Bill to foreclose, on petition and proofs.

*Mr. A. Q. Keasbey,* for petitioners.

*Mr. T. S. Henry,* for complainant.

THE CHANCELLOR.

There is a decree for foreclosure and sale of mortgaged premises in this suit, to pay, in the first place, to the complainant, $54,881.94, the balance due on a mortgage given by the members of the firm of Wackenhuth, Adam & Co., to Frederick Kolb, now deceased, for $90,000 and interest, part of the purchase-money ($130,000) of a brewery in Newark, with its appurtenances, and certain personal property used therein, and in connection with the business; and in the next place, to the petitioners, $51,322.22 due them on a subsequent mortgage on the premises, and the sum of $17,535.56, due them on a judgment against the owners of the property. The complainant's mortgage, by its terms, covers fourteen tracts of land, with the appurtenances. The petitioners' mortgage covers the same land, with the appurtenances, and also expressly includes the steam-engine and boiler, with the shafting and belting connected therewith in the brewery, fixtures, implements and materials on the premises, including copper kettles, wash tubs, fermenting tubs, barrels, hogsheads, wagons, and all other personal property used in connection with the brewery. Under an execution on their judgment the petitioners have a levy on all the property described in their mortgage. Under the

Zeller v. Adam.

execution, the sheriff has sold all the property easily movable, and has in his charge and custody the engine, boiler, shafting, belting, fermenting tubs, coolers, and other utensils and appurtenances of the brewing business, which cannot be removed from the premises without serious depreciation thereof, and which can be sold to far better advantage on and in connection with the brewery than away from it. The petitioners, apprehending that question and difficulty may arise as to that property, or some part of it, if the mortgaged premises shall be sold under the *fieri facias* in this suit, by the sheriff, without declaration that it is not sold therewith as part thereof, ask that this court will declare that it does not, nor does any part of it belong to or constitute part of the mortgaged premises described in the *fieri facias*, and that it give directions to the sheriff accordingly. All the parties interested have, by their counsel, consented that the question whether that property should be sold under *fieri facias*, be decided on the petition and the proceedings which have been taken thereon, waiving all objections to the method of procedure.

The proof which has been taken by the parties under the petition, shows that the mortgaged premises, including the property in dispute, were, as before stated, purchased by the firm of Wackenhuth, Adam & Co., from Frederick Kolb (now deceased), at the price of $130,000; that of this sum they paid $20,000 in cash, at the time of the conveyance, and $20,000 more in a mortgage on other real property, and for the balance ($90,000), they gave him the mortgage now held by the complainant; that Kolb, at the time of the purchase, said that he would make the conveyance of the property in two parts—a deed for the land and a bill of sale for the other property—giving, as his reason for making the bill of sale, that Wackenhuth, Adam & Co. would thus be enabled to repair and remove the property described therein, and if they should get another brewery they would be enabled to remove the property into it. He accordingly gave to the scrivener directions to draw a deed for the land

alone, and a bill of sale for the other property, and at the
same time gave to him a memorandum of the articles which
were to be conveyed by the bill of sale, and handed to him
deeds from which to take the description of the land. He
instructed him to draw a mortgage of the land, to be
described in the deed. The scrivener drew the papers
accordingly, and they were so executed and delivered. The
articles mentioned in the bill of sale are therein called
goods and chattels. They were the following:

" One steam-engine, boiler, shafting and hangings, one malt-mill, one
large beer-kettle, one small beer-kettle, one mash-tub, twenty-eight fer-
menting-tubs, three hundred and sixty hogsheads, four water-receivers,
and all appurtenances belonging to the brewery."

The bill of sale, which is under seal, expresses no consid-
eration, a blank being left for the sum. The scrivener says
he cannot say why the consideration was omitted; that it
must have been overlooked; and he adds, that he believes
that the amount was not given to him at the time, other-
wise he would have inserted it in the instrument. The
deed of the land expresses the full consideration of $130,000.

It was within the power of the parties to the transaction,
for aught that appears in the case, to deal with the property
in question, which was personal in its nature, so as to pre-
serve its character. The proof of the intention so to deal
with it is the testimony of Mr. Adam and Herman Ise, the
scrivener, which has already been stated in substance, and
the evidence afforded by the bill of sale itself. In *Fortman*
v. *Goepper*, 14 *Ohio St.* 558, the plaintiff sold his brewery
premises to Hipp & Brandt for $25,000. He conveyed the
real estate by deed therein, describing the premises by
metes and bounds. The consideration stated in the deed
was $16,000. By bill of sale he transferred, under general
description, for the consideration of $9,000, as therein
expressed, among other articles, the property (a steam-
engine, boiler &c.) in controversy in that suit. On the
same day Hipp & Brandt executed and delivered to him a

Zeller *v.* Adam.

mortgage on the real estate for purchase-money. Subsequently they failed in business, and gave to another person a mortgage of the premises conveyed by the deed, and of the property transferred by the bill of sale. The property in dispute was in the brewery, and was used in the business there when the deed and bill of sale were made, and the question was whether it was personal property or part of the realty. It was held, that as between Fortman and the subsequent mortgagee, it was personal, and was not included in the mortgage of the former. The court, too, in that case, it may be remarked, recognized the propriety of a limitation, denying the power of parties to change, by their agreement, the nature of property from real to personal, where, though personal in its nature, it is attached to the realty in such a manner as that it cannot be detached without being destroyed or materially injured, and without the destruction of or material injury to the realty, but assumed that the court below, whose judgment they were reviewing, found that such injury would not ensue in the case in hand.

It appears, in the case now under consideration, that the parties intended to exclude from the complainant's mortgage the steam-engine, boiler, &c., so that the mortgagors might remove them to another place, if they should see fit so to do; and it may be added, that it not only does not appear (indeed, it is not even alleged) that those articles cannot be removed without being destroyed or materially injured, and without material damage to the realty, but it does not appear that they are incorporated with the realty at all.

The declaration and direction prayed for will be made.