Pope v. Skinkle.

duty, *and otherwise, permitted, encouraged, induced and were privy to* the alleged breach.

To this plea, with two others, the plaintiffs filed a single demurrer.

Argued at November Term, 1882, before BEASLEY, CHIEF JUSTICE, and Justices KNAPP, DIXON and PARKER.

For the plaintiff, *H. Young.*

For the defendants, *J. W. Taylor.*

---

WILLIAM C. POPE v. JACOB SKINKLE.

1. Whether a building, erected by one person on the land of another, with the latter's permission, is real or personal property, is a question of fact, to be decided according to the actual or imputed intention of the parties.

2. An averment in a pleading that a building erected as a dwelling-

house is personalty, is an issuable averment, and is confessed by a demurrer.

3. If a pleading appear on its face to be false in an essential allegation, it is bad on demurrer.

On demurrer to declaration.

Argued at November Term, 1882, before BEASLEY, CHIEF JUSTICE, and Justices KNAPP, PARKER and DIXON.

For the plaintiff, *W. S. Gummere.*

For the defendant, *McCarter & Keen.*

The opinion of the court was delivered by

DIXON, J. The declaration demurred to is in trover, and avers that the plaintiff was possessed of a building described as a "three-story frame flat-roof dwelling-house, twenty-five feet front by forty feet deep," *that the same was personal property,* that he lost it out of his possession, and it came to the possession of the defendant, &c.

The objection raised on demurrer is that the structure in question was real estate.

If the above-recited allegations of the plaintiff are well pleaded, the demurrant of course must fail, since he in that case admits the falsity of his objection. But he contends that the assertion that the building was personal property must be regarded as a mere erroneous conclusion of law, and therefore not pleadable. We do not so consider it. Whether a building is real or personal estate is a mixed question of law and fact, and hence may be capable of trial by jury, and the true response to it can be properly pleaded. *Brearley* v. *Cox,* 4 *Zab.* 287.

In this declaration, however, there are other averments which, the defendant insists, lead to the conclusion, as matter of law, that the assertion already mentioned is false. If this be so, the declaration cannot stand, for if a pleading appear

on its face to be untrue in one of its essential allegations, it is bad on demurrer. *Smith* v. *Yeomans*, 1 *Saund.* 316.

The averments referred to are to the effect that the building was erected by one Crothers upon the land of one Nagle, by permission of the owner, that the building, when so erected, was the personal property of said Crothers, and continued to be such until his title passed to the plaintiff. The defendant contends that when one person erects a building on the lands of another, by the mere permission of the land-owner, nothing further appearing, the building thereby becomes realty by presumption of law.

But we think no such presumption arises. The case presented by these circumstances would be one for an inference of fact, not a conclusion of law. Whether the building was personalty or realty would depend on the intention of the builder and land-owner, if they both had the same intention, and if they had not, then it would depend on what common intent should be imputed to them, in the judgment of those called to pass upon their conduct; but either of these inquiries, as to the actual intention or as to the imputed intention, is one of fact and not of law. The cases in which no other circumstance than merely the erection by permission can be found to throw light upon the real purpose of the parties with regard to the ownership of the structure, must be very rare; but if such a case should occur, I think the more reasonable inference would be that the builder had designed not to part with his property, and the land-owner had consented on that understanding. The fact that the former secured permission to build indicates that he sought to avoid the consequences of building without permission, among which by far the most serious would ordinarily be the loss of the labor and materials which he was about to convert into a building.

Many cases indicate the propriety of such an inference. Thus, in *Doty* v. *Gorham*, 5 *Pick.* 487, the permission of the land-owner to the erection of the structure was all that appeared to bind him, and the court held that the jury rightly found that the builder might remove the building as a chat-

tel. In *Ham* v. *Kendall*, 111 *Mass.* 297, the land-owner agreed that another might put an ice-house on his land, and that it might remain there five years; there was no agreement that it should be a chattel or be removable by the builder, but the court held that it was the builder's chattel, and he might remove it during the five years. In *Osgood* v. *Howard*, 6 *Me.* 452, a tenant at will had erected a dwelling-house and other buildings on the land with the express consent of the landlord; after his death the tenant's administrator sold them to a stranger; the court held that the purchaser could maintain trover for them against the land-owner, putting its decision expressly on the consent, and not on the fact of tenancy. In *Dame* v. *Dame*, 38 *N. H.* 429, the court says that the express assent and permission of the land-owner to the erection by another of a building on the land, almost necessarily implies an understanding that the builder may remove the building, and creates a tenancy at will in him. Numerous cases are there referred to as illustrative of the doctrine.

In view of these decisions, it cannot be regarded as an inevitable presumption that when Crothers erected the building on Nagle's land with Nagle's permission, it became realty, and therefore that the plaintiff's assertion that it remained personalty is false.

The plaintiff is entitled to judgment, unless the defendant take leave to withdraw the demurrer and plead, on payment of costs.