By the Court.
In the court of common pleas it was averred that, in March 1878, White entered into a verbal agreement with Benjamin Long to sell and deliver to him a dwelling-house, then standing upon the premises of White, situate in Middlefield, Geauga county, Ohio ; White agreed to deliver, standing upon blocks in his yard, on or before the 6th day of October then next; Long agreed to receive the same and to pay therefor $175 in cash, or apply the same on a certain note then held by Long against White. On or before the day agreed upon, White did deliver the house on blocks in his yard, and in all respects performed the conditions of the agreement; in May 1878, Long died ; the claim, duly verified, was presented to the executor a,nd was rejected ; White requested the executor to indorse the $175 on the note and the request was refused, and judgment was asked. In a second cause of action the same facts were averred and $175 damages claimed.
The executor answered that the contract was verbal, and that when made, the dwelling-house was standing upon the premises, erected upon permanent walls, and rested thereon, upon a solid and strong foundation, and was permanently affixed to the premises, and constituted a part of the realty, tenements and appurtenances of said premises, and no part of the agreement was in writing and signed by either party.
To this answer White demurred, and the court sustained ■ the demurrer; to which ruling the executor excepted. On error the district court sustained said ruling; and the case is here, asking to reverse the judgment of the district court.
*61 The only question presented is, does the statute of frauds prevent recovery ?
In applying the statute of frauds, buildings are not classed with forest trees, but with growing crops, nursery trees, and fixtures attached to realty.
And buildings are realty or personalty, according to the intention of the parties. And when the parties in interest agree that they may be severed and moved from the realty, buildings are held and treated as personalty. Bostwick v. Leach, 3 Day, 476; Hollen v. Runder, Cromp. M. & R. 266; Curtis v. Hoyt, 19 Conn. 154; Shaw v. Carbrey, 13 Allen, 462; Hartwell v. Kelly, 117 Mass. 235, 237; Keyser v. District No. 8, 35 N. H. 477; Fortman v. Goepper, 14 Ohio St. 558; Wagner v. C. & T. R. Co., 22 Ohio St. 563, 576.

Judgment affirmed.