GEORGE W. BELL, APPELLEE, v. SAMUEL LOOKER, APPEL-
LANT.

FILED MAY 1, 1915. No. 18135.

Estoppel: CONVEYANCES: PRIORITIES. An owner who conveys realty by
metes and bounds and transfers machinery thereon by a separate
bill of sale, taking from the purchaser a mortgage describing the
property named in the deed, may be estopped to claim that the
machinery is part of the real estate incumbered by the mortgage,
as against mortgagor's purchaser who was led to believe that the
machinery was free from incumbrance.

APPEAL from the district court for Boyd county: R. R.
DICKSON, JUDGE. *Reversed and dismissed.*

*John A. Davies* and *H. F. Barnhart*, for appellant.

*W. T. Wills*, contra.

ROSE, J.

This is an application for an injunction to prevent de-
fendant from removing electrical machinery from a flour-
mill site at Lynch, and from selling property already re-
moved therefrom.   Plaintiff is the holder of a mortgage
on the real estate constituting the mill property, and al-
leges that the electrical machinery is incumbered by his
lien.   After the execution of plaintiff's mortgage defend-
ant purchased the mill and the property. connected with
it and removed part of the electrical machinery.   He
pleads in his answer that the machinery in controversy is
personal property; that it is free from plaintiff's lien; that
plaintiff treated it as personalty, having transferred it by
bill of sale; that defendant acquired it as such; and that
plaintiff is estopped to assert the contrary.   From a de-
cree granting an injunction, defendant has appealed.

The question presented by the appeal is whether the elec-
trical machinery, as between the parties hereto, is part of
the real estate upon which the mortgage is a lien.   Plain
tiff argues the affirmative, and defendant the negative.

Formerly the realty consisted of the mill site and a flour-mill operated by water power. Twelve years after the construction of the flour-mill the owner built an addition and equipped it with dynamos, switchboard, transformer, and other electrical devices. The electric plant was used for lighting purposes in Lynch. It also furnished light for the flour-mill. In 1909 the mill-owner by warranty deed conveyed the property to plaintiff's wife, describing the realty by metes and bounds. Later plaintiff demanded and secured for his wife a bill of sale covering the personalty, including the electrical apparatus. He and his wife, February 7, 1910, conveyed the mill property to C. A. Kurpgeweit, who subsequently executed in favor of plaintiff a purchase money mortgage; both instruments describing the realty by metes and bounds. As a part of the transaction resulting in the conveyance to Kurpgeweit, and for the same consideration, plaintiff executed and delivered to the puchaser a bill of sale covering the personal property, including the electrical machinery. Subsequently Kurpgeweit by warranty deed and bill of sale transferred to defendant the mill property and electric plant. The evidence shows that the electrical machinery can be detached without material injury to the remaining property. The owners and lienors could by agreement or mutual understanding or conduct treat the movable property in controversy either as personal property or as real estate. The controversy in this case does not arise between mortgagor and mortgagee, but between the latter and a purchaser in good faith.

In the deeds the realty was described by metes and bounds and included appurtenances, but the electrical machinery was not specifically mentioned. The bills of sale described the property in the electric plant as personalty. Defendant testified without contradiction that Kurpgeweit had said he acquired title by bill of sale and by deed, and that the realty was conveyed by deed and the personalty by bill of sale. Plaintiff himself executed and delivered a bill of sale to Kurpgeweit, defendant's transferror. In it he asserted that the property described there-

in was personalty.  There is nothing to show that defendant, when he purchased the mill, had any knowledge that plaintiff considered the electrical machinery to be realty, or that the bills of sale were not what they purported to be.  Defendant's uncontradicted testimony shows that in making his purchase, he considered the value of the machinery separately.  As such it was unincumbered. *Fortman v. Goepper,* 14 Ohio St. 558, is an analogous case in which the effect of a deed and a bill of sale was discussed, the court saying:  "The real estate, in the deed from Fortman to Hipp & Brandt, was described merely by metes and bounds.  The description in the mortgage from the latter to the former was the same.  The deed, bill of sale, and mortgage were executed and delivered at the same time, and each must be held to have been designed by the parties to perform its appropriate office in consummating the sale.  The mortgage therefore to Fortman must be held to cover no more property than was included in the deed, and the deed not to include the property sold by the bill of sale upon a distinct consideration."

Though the bill of sale in the present case stated it was executed for "one dollar and other valuable considerations," there was in reality only one consideration for it and the deed.  Since there were two separate instruments, however, one purporting to transfer personalty and the other to convey realty, the single consideration could make no difference to a third person who was without knowledge of that fact.  *Zeller v. Adam,* 30 N. J. Eq. 421.

To repeat, the electrical machinery could be detached without material injury to the remaining real estate. Owing to its nature it could properly be bought, sold and held as personalty.  Defendant purchased it as such.  The defense of estoppel is established by uncontradicted evidence.  It follows that the mortgage on the real estate is not a lien on the machinery in the hands of defendant.  The decree granting the injunction is therefore reversed and the action dismissed.

REVERSED AND DISMISSED.

.LETTON, SEDGWICK and HAMER, JJ., not sitting.