## CONCRETE SILO CO v WARSTLER et

Ohio Appeals, 5th Dist, Stark Co

No 1521.   Decided January, 1935

Black, McCuskey, Ruff & Souers, Canton, and Nerwin, for plaintiffs in error.

Niles A. Sponseller, Canton, for defendant in error.

## OPINION

By LEMERT, J.

The petition in error in this court contends for six specifications of error, but

they may all be disposed of by the consideration of a single question—that is, is the finding and judgment of the court below upon the evidence in this case contrary to the weight of the evidence and to the law applicable to the agreed statement of facts? A subordinate question to the main question is: Is an article like a silo, made up of movable blocks of concrete and standing upon a permanent concrete foundation in a hole excavated in the ground, real estate or personal property under the facts and circumstances presented in this case?

The silo in question in this case was erected partially over the site of an old wooden silo, which was standing upon said premises at the time the plaintiff herein and said Troyer began the erection of the silo in question in this action. Said wooden silo had an old block foundation extending into the ground practically the same depth as the foundation of the present silo, but was so built that a segment of it projected into the barn building, and the part of the site occupied by said wooden silo which is not now occupied by the present silo is still in evidence on said premises. Said wooden silo referred to was upon said premises when the defendants herein sold the same to said Troyer and received the mortgage which they afterwards foreclosed, and said wooden silo was removed by said Troyer and the plaintiff herein without their knowledge or consent; the same being useable and in a fair condition of repair at the time. If the present silo and the chute connected therewith are removed it will leave a hole in the ground approximately ten feet deep by ten feet in diameter; will leave the weather boarding open on said barn to a width of approximately ten feet at the bottom and four feet at the top; will leave a cut in the cornice about four feet wide and cut back to the wall of the barn proper; the chute in question being now nailed to the barn and fastened to the silo, so that even if the silo were removed and the chute left, the side of the barn would still be open, as it was after the wooden silo was removed.

It is without doubt the law that where the rights of third parties do not intervene, the intention of the parties is a dominating factor. However, granting in the instant case that the plaintiff and Troyer did intend that the silo should remain personalty until paid for, there must be some limitation as to what parties can call personalty and what, by the very nature of the article, is undoubtedly a part and parcel of the real estate—at least, where that intention

affects the rights of third parties. As the Supreme Court well said in the case of **Fortman v Cooper et, 14 Oh St 558:**

"There is undoubtedly a limitation upon the right of parties to change, by their agreements, the status of property from that which the law would assign to it in the absence of a special agreement."

In the instant case this silo was not assembled and sold as a silo, but rather was built and assembled from material which was furnished for that purpose on the premises. It may be likened to a house or barn which is built upon the real estate and never was an article of personal property as such.

Again quoting from the above case, at page 564:

"It will readily be conceded that the ordinary distinction between real estate and chattels, exists in the nature of the subject, and can not, in general be changed by the convention of the parties. Thus it would not be competent for parties to create a personal chattel interest in a part of the separate bricks, beams or materials of which the walls of a house are composed. Rights by way of license might be created in such a subject, but it could not be made alienable as chattels, or subjected to the general rules by which the succession of that species of property is regulated. But it is otherwise with things which, being originally personal in their nature, are attached to the realty in such a manner that they may be detached without being destroyed or materially injured, and with destruction of, or material injury to, the things real with which they are connected; though their connection with the land or other real estate is such that, in the absence of an agreement or of any special relation between the parties in interest, they would be part of the real estate."

Hence there is no doubt in the instant case in removing of the silo the same would be destroyed as a silo, it being necessary to dismantle the same to remove it, and there would be injury to the real estate, in that there would be a pit eight to ten feet deep left in the ground, and also the hole in the barn. If we were to hold in the instant case this silo to be a chattel, it would mean that houses, barns and any other buildings would be subject to chattel mortgages. Certainly this is not the law. Volume 1 of Jones on Mortgages, §544:

"A mortgagee of land is not bound to examine the records for chattel mortgages covering fixtures which have been so attached as to become an integral part of the real estate."

In the instant case this silo was erected and cemented to a concrete base, with a pit from eight to ten feet deep underneath, and so, in annexation to the realty, was similar to a house and did become an integral part of the real estate. It is just as necessary to the farm and real estate as any other building on the farm, because it is essential for the storage of feed for the live stock, and the removal of it even more difficult than of a house or a barn, because it must be torn down, piece by piece, while a house or barn can be removed as a whole. Volume 1, Jones on Mortgages, §531:

"If the article is something necessary for the proper enjoyment of the estate, it may be presumed that it was annexed for its permanent improvement, and therefore that it goes to the benefit of the mortgagee."

In the instant case, if Troyer had made the improvement, there is no doubt but what the defendants would have had the right to the benefit of said improvement included in their mortgage, and there is no rule in law or equity to prevent said defendant from having the same benefits when erected by the plaintiff at the owner's direction. Furthermore, the defendants never knew of the plaintiff's action until the silo had been erected and completed, and never did know the terms upon which the owner, Troyer, and the plaintiff had agreed until some time subsequent to their purchase of the farm at foreclosure sale.

It is certain that the owner of the fee, Troyer, could not have changed the character of the old silo to personalty by a chattel mortgage or agreement with a third party so as to deprive the defendants of their right to it under their mortgage on the real estate.

Again quoting Jones on Mortgages, §530, at page 685:

"A building erected upon the mortgaged land without the consent of the mortgagee may be sold by him as a part of the mortgaged property, and his right is not affected by the fact that the building was erected under an agreement with the mortgagor that it should be and remain the personal property of the party erecting it."

So that, even though the parties to the conditional sale intended this property, as between themselves, to be personal, yet as to third parties, due to the method of its annexation, the fact that it was annexed by the owner of the fee, that it was necessary to destroy the old silo to build it, that it can not be removed as a silo but must be torn down, piece by piece, that it is a necessary adjunct to the premises, that the defendants had no notice or knowledge of the contract, that the mortgagees are entitled to all permanent improvements made by the owner or any one for him, are all elements in this case which make for an affirmation of the decision of the lower court.

Judgment affirmed. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.