This timely appeal arises from the Mahoning County Common Pleas Court's affirmation of the magistrate's decision granting summary judgment to National City Bank, NE, the successor in interest to The Dollar Savings and Trust Company. For the reasons set forth below, the decision of the trial court is affirmed.
 I. FACTS
On July 16, 1981, Logangate Homes, Inc. ("appellant"), entered into a lease agreement with Omco, Inc. regarding premises for use by appellant for its prefabricated housing business. The initial term of the lease was to run for three years from October 15, 1981 to October 14, 1984 with an option to renew for an additional three year term running from October 15, 1984 to October 14, 1987. Omco's ownership in the property was subject to a mortgage in favor of The Dollar Savings and Trust Company, n.k.a. National City Bank, NE ("appellee"). Due to a default on the mortgage in 1986, appellee foreclosed on the property Subsequent to the foreclosure, appellee purchased the property at a sheriff's sale. As a result of the change in ownership of the leased property, the parties attempted to negotiate terms for a new lease. However, in that nothing was ever successfully reduced to writing, a month to month tenancy was agreed upon by both parties to facilitate appellant's continued occupancy of the premises.
Pursuant to the original lease terms between appellant and Omco, appellant was granted permission to build lumber sheds on the leased premises for use in its business. The original lease further indicated that the sheds could be removed upon termination of the lease. Additionally, the original lease evidenced appellant's right to remove any fixtures used on the premises by appellant for business purposes. The pertinent provisions of the lease state as follows:
 "Lessee may build lumber sheds for use in its business in the area adjacent to the easterly side of the building in approximately the center thereof, which sheds may be removed by Lessee upon termination of the lease.
* * *
 All machinery, equipment and fixtures used by Lessee in the conduct of its business which may be placed in the leased building by Lessee even though they may be affixed to the floor or other part of such building, shall remain the personal property of Lessee and at any time during the term the Lessee may remove any, and at the expiration of the term the Lessee shall remove all, of such machinery, equipment and fixtures."
Consistent with these provisions, appellant built lumber sheds adjacent to the leased building for use in its business.
Following several years of leasing the premises, appellee forwarded a letter to appellant on May 26, 1993 notifying it that the property was being sold and that the month to month lease would terminate as of June 30, 1993. A notice of eviction was also issued to appellant on May 28, 1993. In light of these circumstances, appellant made arrangements with a third party to remove and purchase the lumber sheds which were located on the leased premises. In July of 1993, while it is alleged that appellant was still on the property, appellant and the third party attempted to remove the sheds. However, at that time appellee's representative advised appellant to leave and would not permit the removal of the sheds. By way of correspondence dated October 5, 1993, appellee notified appellant that it would then permit the removal of the sheds so long as they were off of the premises by October 27, 1993. Due to the fact that the third party terminated its agreement with appellant when he was prevented from removing the sheds in July and no other avenue was presently available to dispose of the sheds, appellant left them on the premises as it was felt they were no longer worth moving It is not alleged that any additional machinery or equipment had been left upon the property by appellant subsequent to the end of its lease term.
On December 13, 1993, appellant filed a complaint against appellee. However, this matter was subsequently dismissed on October 27, 1994 and refiled on September 28, 1995. In the complaint, appellant sought relief on the grounds of breach of contract, conversion and bad faith business dealing. The core of appellants argument was that appellee's wrongful actions prevented the removal of the sheds thereby resulting in a loss of property. Following the completion of discovery in the case, appellee filed a motion for summary judgment. The grounds for said motion were that appellee was not obligated to permit appellant to remove the sheds after the lease had terminated on June 30, 1993. Appellant responded to appellee's motion by arguing that the sheds could be removed and that appellant's interference with such amounted to conversion.
On September 30, 1996, the magistrate assigned to the case granted appellee's motion for summary judgment. The magistrate concluded that appellant's right to remove the shed expired when the lease terminated. After appellant had secured a leave to file objections to the magistrate's decision, appellant filed its objections on October 18, 1996. Appellant limited its objections to that part of the decision addressing the conversion action of the original complaint. On November 20, 1996, the trial court overruled appellant's objections and adopted the magistrate's decision as its own. It is from this decision which the following timely appeal emanates.
 II. ASSIGNMENT OF ERROR
Appellant's sole assignment of error reads:
 "THE TRIAL COURT ERRED BY ADOPTING THE MAGISTRATE'S DECISION TO GRANT DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT."
As with appellant's objections to the magistrate's decision, the focus of the argument on appeal is the trial court's decision as it is elated to the claim of conversion. Appellant asserts that it had the right to remove all personal property while it was still occupying the premises. It is further argued that no evidence was presented to contradict that appellant was still occupying the premises at the time the attempt was made to remove the sheds. Based upon these assertions, appellee's interference and prevention of the removal of the sheds is believed to amount to conversion. Therefore, it is argued that summary judgment was inappropriate under the circumstances. As support for its proposition that it was entitled to remove trade fixtures from the leasehold, appellant cites to the cases of Jim Skiffey Assoc., Inc. v. Rosenberger (Mar. 29, 1991), Trumbull App. No 89-T-4323, unreported; Call v. Banc Ohio Natl. Bank(Aug. 18, 1992), Crawford App. No. 3-92-3, unreported; and Brown v. DuBois(M.C 1988), 40 Ohio Misc.2d 18.
 A. STANDARD OF REVIEW
In considering a motion for summary judgment, Civ.R. 56 (C) controls and provides that before such a motion may be granted, it must be determined that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. state ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511
Additionally, the party moving for summary judgment has the responsibility of clearly showing an entitlement to the granting of its motion:
 "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56 (C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied However, if the moving party has satisfied its initial burden, the nonmoving party has a a reciprocal burden outlined in Civ.R. 56 (E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Dresher v Burt(1996), 75 Ohio St.3d 280, 293.
Due to the fact that summary judgment is designed to cut short the litigation process, trial courts should award such with caution, resolving doubts and construing evidence in favor of the nonmoving party. Murphy v. Reynoldsburg(1992), 65 Ohio St.3d 356,360. In that a grant of summary judgment disposes of a case as a matter of law, this court's analysis on appeal is conducted under a de novo standard of review. Grafton v. Ohio Edison Co
(1996), 77 Ohio St.3d 102, 105.
 B. APPLICABLE LAW
In reviewing the nature of personal property brought to a leased premises, it must be determined whether the property maintains its characteristics as personal property or whether it becomes part of the realty by way of its attachment thereto. This issue was addressed by the Ohio Supreme Court when it decided the case of Zangerle v. Republic Steel Corp.(1945), 144 Ohio St. 529:
 "The general principle to be kept in view in determining whether what was once a chattel has become a fixture is the distinction between the business which is carried on in or upon the premises, and the premises. The former is personal in its nature, and articles that are merely accessory to the business, and have been put on the premises for this purpose, and not as accessions to the real estate, retain the personal character of the principal to which they belong and are subservient. But articles which have been annexed to the premises as accessory to it, whatever business may be carried on upon it, and not peculiarly for the benefit of a present business which may be of a temporary duration, become subservient to the realty and acquire and retain its legal character." Id. at paragraph seven of the syllabus, citing Fortman v Geopper(1861), 14 Ohio St. 558, 567.
Based upon this analysis it can be said that if an article of property is particular to the business conducted on the realty, it retains its nature as personal property. Such articles have been referred to by the court as "trade fixtures." Zangerle, supra at 541. The Ohio Supreme Court espoused its position as to the removal of trade fixtures from the leased premises in Teaffv. Hewitt(1853), 1 Ohio St. 511.
 "A tenant retains the right to remove articles which the tenant places in or on the leasehold during the term of the lease, which items were so placed to enhance the tenants use or enjoyment of the premises. * * * While it is widely recognized that this rule applies to chattels installed for trade purposes, the rule also applies to articles which have been installed for purposes which are ornamental or merely enhanced comfort and convenience." (Emphasis added). Brown, supra at 20, citing Teaff, supra.
The court added further insight regarding this proposition when it stated "that the tenant must remove fixtures put up by him before he quits the possession, on the expiration of his lease; if not removed during the term, they become the property of the landlord." (Emphasis added). Haflick v. Stober(1860), 11 Ohio St. 482,485.
Having addressed when property may be removed from a leasehold, our focus must now turn to a discussion of when a party's leasehold ends. In the event a tenant remains on a leasehold subsequent to the expiration of his lease, the individual is held to be a tenant at sufferance. Craig Wrecking Co. v. S.CLoewendick Sons, Inc.(1987), 38 Ohio App.3d 79, 81, citingAnderson v. Brewster(1887), 44 Ohio St. 576, 580. As a tenant at sufferance, the landlord may elect to treat the individual as a trespasser or may hold him to a new lease term. Craig WreckingCo., supra, citing Gladwell v. Holcomb(1899), 60 Ohio St. 427, paragraph two of the syllabus. The decision to hold a tenant as a trespasser or hold him to a new lease term lies within the discretion of the landlord. Steiner v. Minkowski(1991), 72 Ohio App.3d 754,762. Factors to be considered in determining which option a landlord has chosen are the conduct of the parties, attempts by the tenant to continue paying rent and acceptance by the landlord of additional rent payments. Id. Furthermore, a tenant at sufferance has no rights in the leasehold and is at the mercy of the landlord who may enter and put an end to the tenancy when he pleases. Anderson, supra. In the event the landlord holds the tenant as a trespasser, it follows that the tenant is no longer actually or constructively in possession of the premisesCraig Wrecking Co., supra.
 C. ANALYSIS
A review of the record in the case sub judice reveals that the items at issue qualifies as "trade fixtures." The lumber sheds which were affixed to the property were clearly erected for the purposes of appellant's construction business. It was inside these sheds in which building materials were stored until they were needed. As such, the sheds were peculiar to the business being operated on the leased premises and cannot be held to have become part of the realty. Zangerle, supra. Since these sheds were trade fixtures rather than ordinary fixtures, they retained their characteristics as personal property and could be removed from the leased premises subject to certain restrictions. As was stated in Teaff and Haflick, supra as well as the authority cited by appellant, that being Skiffey, Call and Brown, supra, the option to remove trade fixtures from the leased premises existed only during the tenant's lease term. In the event removal did not occur during the term, the landlord retained the property as his own. See Haflick, supra.
It has clearly been established that appellant was sent a letter on May 26, 1993, providing notification that the leased property was being sold and that the month to month lease would therefore terminate as of June 30, 1993. Such notice unequivocally put appellant on notice that its lease term would end as of June 30, 1993. Based upon this information, appellant took steps to have a third party remove the lumber sheds from the premises.
Upon the passing of the June 30, 1993 termination date, the record supports the conclusion that appellant was merely a tenant at sufferance. No contention has been made that appellant attempted to continue paying rent or that actions by appellee implied that the lease was to continue for an additional term beyond the termination date. Furthermore, much like the situation in Anderson, supra, appellant was not a party to a written lease at the time of the termination but rather occupied the premises solely as a monthly tenant. On the contrary, appellee's actions clearly establish that it treated appellant as a trespasser in July of 1993 when the attempt was made to remove the lumber sheds. As a trespasser, it cannot be held that appellant had any right to actually or constructively possess the leasehold. CraigWrecking Co., supra. While appellant may have continued to occupy the premises from June 30, 1993 until the point in time in which it was told it could not remove the sheds, said occupancy was wrongful and did not constitute possession of the premises. As appellant no longer possessed the premises on which the lumber sheds were located, the sheds became the property of the landlord. Haflick, supra. Although appellant asserts that it was permitted to remove the trade fixtures prior to vacating the premises, in reality its right to the trade fixtures ceased when its lease term ended.
Pursuant to the Ohio Supreme Court's decision in Joyce vGeneral Motors Corp.(1990), 49 Ohio St.3d 93, an action for conversion may be maintained when a party wrongfully exercises dominion over property to the exclusion of the rights of the owner, or withholds the property from the owner under a claim inconsistent with the owner's rights. Id. at 96, citing Zacchiniv. Scripps-Howard Broadcasting Co.(1976), 47 Ohio St.2d 224,226. As discussed above, appellant's ownership rights to the property in question ceased when it failed to remove it within the term of the lease. Due to the fact that ownership rights in the sheds had been extinguished, appellant is unable to establish a claim in conversion.
Based upon the foregoing, it cannot be held that any genuine issues of material fact existed with respect to appellant's claim of conversion. As such, appellee was entitled to judgment as a matter of law. Therefore, appellant's assignment of error is without merit.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
COX, P.J., concurs.
DONOFRIO, J., concurs.
 APPROVED: ___________________________________ JOSEPH J. VUKOVICH, JUDGE