## OPINIONS

### No. 273

McCRORY OHIO CO. v. RABBITTS et al

Ohio Supreme Court

No. 17367.  July 5, 1922

This case will appear in 106 O. S. Reps.

**LANDLORD AND TENANT—Leases—Construction —Covenant to rebuilt after fire—Inoperative before occupancy by lessee—Occupancy by tenant of lessee sufficient, when.**

#### Official Syllabus

Lessors on April 8, 1914, leased premises for a term of 25 years, beginning September 1, 1918, at a greatly increased rental. The lease contained covenants for rebuilding and for subletting and assignment with the written consent of lessors; it also contained a clause that no obligation to rebuild in the event of fire should "attach pending the beginning of occupancy on the part of lessee." The lessee never actually occupied the demised premises, but with the written consent of lessors sublet them to a tenant who occupied them until destroyed by fire on January 23, 1921.  Held:

The parties, by use of the quoted clause, had in contemplation the time of occupancy and not the personal occupancy of the lessee; and the occupancy by a tenant of the lessee, with the lessors' written consent, does not release the lessors from their obligation to rebuild.

Error to the Court of Appeals of Clark County

Epitomized Opinion

JONES, J.:

The Babbitts, lessors, brought suit against the McCrory Ohio Co., to quiet their title to the premises in controversy. They obtained a decree in the common pleas, and appeal was taken to Court of Appeals. They were the owners of premises in Springfield, O., which they had leased to the McCrory Co., and covenanted that they would insure the building for at least 80 per cent of its value, and in the event of fire, they would repair, or if destroyed they would rebuild, as speedily as possible, but the rent should cease, until the buildings was restored, fit for occupancy by the lessees. After the total destruction of the building by fire, the lessors collected $40,000 insurance, but took no steps to rebuild.

The Court of Appeals found in favor of the lessors, and quieted their claim, and held as a conclusion of law, that the word "occupancy" found in the lease, was intended to be used in the sense of actual occupancy or possession, by the lessees, and not by those to whom the property had been sublet, and that the obligation to rebuild did not attach. The McCrory company, the lessee, filed its answer and cross-petition in the common pleas, asking for an order on the lessor to rebuild, and for damages. Both courts quieted the title of the lessors, refused to hear any evidence on the cross-petition, and dismissed it.

The Supreme Court found that, construing the lease as a whole and the clause relating to "occupancy" with the entire context, it follows that the parties did not contemplate by its use a personal and actual occupancy, by the lessee itself. That had the parties intended to restrict the rebuilding clause to the personal occupancy of the premises by the lessee, they would have used some expression so confining it. This was not done, anywhere in the lease. Furthermore, that it was not so contemplated is shown by the fact that the property could be sublet and assigned.

The term of the lease was not to begin until about four years after its execution. This period was the essential thing the lessors had in mind, that they should not be required to rebuild during this period, and before the increase of rent began, this being from 54,500 to $10,000 annually, under a term extending for 25 years.

The judgment of the lower court will be reversed, and since neither court heard or determined the questions arising upon the answer and cross-petition, that feature of the case will be remanded to the court of common pleas for further proceedings.

**Attorneys**—A. N. Summers and Chase Stewart, for McCrory Co.; J. E. Bowman and J. N. Cole, for Rabbitts.