**VANGROW et, Plaintiffs-Appellees, v. WEISS et, Defendants-Appellants.**

Ohio Appeals, Second District, Montgomery County.

No. 2254. Decided November 19, 1953.

Robert S. Nevin and H. J. T. Herzog, Dayton, for plaintiffs-appellees.
A. W. Schulman, Dayton, for defendants-appellants.

## OPINION

By WISEMAN, PJ.:

This is a law appeal from the judgment of the Common Pleas Court of Montgomery County, rendered in favor of the plaintiffs in an action in which plaintiffs sought recovery of rent for the use of the fourth floor of a building, the basement, first and second floors of which the defendants occupied under a lease entered into with the plaintiffs.

In February, 1951, the defendants were permitted to move merchandise from the basement to the fourth floor, due to the unusable condition of the basement. The basement was placed in proper condition and the plaintiffs requested the defendants to vacate the fourth floor and move the merchandise to the basement, which the defendants failed to do. On August 15, 1951, counsel for the plaintiffs wrote a letter to the defendants, the pertinent part of which is as follows: "Since permission has been granted you to use the 4th floor of your share of the building without rent heretofore, the rent for this area will now be charged at the rate of $300.00 per month for as long as you occupy the building or until a new agreement is entered into. Said rent is due from August 1, 1951. If these terms cannot be met, you will please leave the premises within three days after receipt of this letter."

After the receipt of this letter the defendants continued to occupy the fourth floor. Subsequently plaintiffs and defendants and their counsel held a conference at which time they resolved most of their differences, but at no time did the defendants either agree or dissent on the question of the payment of rent for the occupancy of the fourth floor. The plaintiffs sent to the defendants a statement for the rent for the months of August and September, which the defendants ignored. The defendants continued to occupy the fourth floor through the winter of 1951-1952. On March 24, 1952, counsel for the plaintiffs sent a letter to the defendants which reads as follows: "Will you please vacate your portion of the 4th floor of the building you now occupy at 119 E. Fifth Street? No rent has been charged for these premises and none will be if you vacate before April 1st. 1952. Mr. Vangrow can no longer permit occupancy of this space as he needs it for his own purposes."

After the receipt of this letter the defendants stated that they would vacate the fourth floor by April 1, 1952, but the evidence shows that they continued to occupy the premises through the month of May, 1952. On May 20, 1952, the plaintiffs brought an action against the defendants to evict them from the fourth floor. On June 3, 1952, defendants signed an entry in the eviction case agreeing to remove all merchandise on the fourth floor, which was done.

Plaintiffs sought a recovery of $300.00 per month from August 1st,

1951 to May 18, 1952. The trial court rendered judgment in the amount of $600.00, being the rent for the fourth floor for the months of April and May, 1952. No cross appeal has been filed.

On the factual issue as to whether the defendants dissented after the receipt of the letter dated August 15th, 1951, the trial court found for the plaintiffs. The trial court was the judge of the credibility of the witnesses There is ample evidence to support the conclusion of the trial court that the defendants neither assented nor dissented regarding the payment of $300.00 per month for the use of the fourth floor.

The trial court held that by a failure to dissent after the receipt of the letter of August 15, 1951, an implied contract arose between the parties to pay the rent stipulated.

The defendants-appellants have assigned six grounds of error, which raise three propositions. First, the court erred in holding that an implied contract arose between the parties. Second, the court erred in rendering a judgment for the plaintiff in the absence of any evidence showing the reasonable rental value of the premises. And, third, the court erred in refusing to vacate the judgment and grant a new trial for the purpose of the introduction of evidence as to the reasonable rental value of the premises.

The principal issue presented is whether an implied contract arose between the parties by reason of the plaintiffs demand for rent at the rate of $300.00 per month for the use of the fourth floor, and the defendants' failure to dissent, together with the continued occupancy of the premises. We conclude, as did the trial court, that an implied contract arose between the parties. The letter of March 24, 1952 did not abrogate the implied contract; at most it may be construed as an expression of a willingness on the part of the plaintiffs to forego to April 1, 1952 the payment of the rent for the use of the fourth floor; but it reaffirmed plaintiffs' determination to enforce payment of rent after April 1, 1952, if defendants still continued to occupy the premises. The letter of March 24, 1952 related to and must be construed in light of the contents of the letter of August 15, 1951.

A person who enters on land by permission of the owner for an indefinite period and without the reservation of any rent is a tenant at will by implication. Vol. 32 Am. Jur. page 82, Section 66. In Vol. 109 A. L. R 197 is found an annotation briefing this and related questions. On page 218 the following rule is stated:

"It seems that, ordinarily at least, a tenant at will or by sufferance, who, without expressing his nonassent, remains in possession of the premises after the date when, as specified by a notice from the landlord, a stated rental is to go into effect, becomes liable for such rental."

In **Lane v. Greene, 21 Oh Ap 62,** the court on page 68 said:

"The better rule would seem to be that, if a tenant holds over after the landlord has fixed an increased rent, and the tenant is silent as to the new terms, an implied contract arises that the tenant will pay the increased rental."

In **Moore v. Harter 67 Oh St 250,** the court on page 255 said:

"The continuing in possesion. after notice from the landlord to the tenant that he could not do so except under prescribed conditions. is presumed to be a possession under the named conditions."

458

See, also, **Bumiller v. Walker, 95 Oh St 344,** at page 352.

The above cases are not on all fours with the instant case on the facts, but the principle of law laid down in those cases is applicable to the issue raised in the instant case.

We agree with the trial court that an implied contract arose between the parties to pay $300.00 per month for the use of the fourth floor. The letter under date of March 24, 1952 operated as a waiver of the enforcement of the collection of the rent prior to April 1st, 1952. In our opinion the trial court properly rendered judgment for the months of April and May, 1952.

The action was not brought on quantum meruit, but if it had been so brought, there was evidence that the reasonable rental value for the fourth floor was $300.00 per month.

We find no assignment of error well made. Finding no error in the record prejudicial to the appellants, the judgment is affirmed.

MILLER and HORNBECK, JJ, concur.