DECISION
Defendant-appellant, Freddie D. Ewing, appeals from a judgment of the Franklin County Municipal Court granting judgment to plaintiff-appellee, Charles J. James in the amount of $1,400. Because the record does not demonstrate reversible error, we affirm.
On June 15, 1998, plaintiff filed a complaint in the Small Claims Division of the Franklin County Municipal Court, seeking judgment against defendant in the amount of $1,435 for unpaid rent, an unpaid water bill, and damage to the premises. The matter was set for hearing before a magistrate on July 20, 1998, at 1:30 p.m. On July 14, 1998, defendant responded with a counterclaim in which he sought $400, representing the deposit which he contends plaintiff never returned to him.
On July 22, 1998, a magistrate's decision was filed, indicating that the case was called for trial at 2:00 p.m., plaintiff was in court, and defendant failed to appear when called. The magistrate decided in plaintiff's favor, awarded him $1,400 plus court costs, and dismissed defendant's counterclaim. The same day, the trial court adopted the magistrate's decision.
On August 3, 1998, defendant filed objections to the magistrate's decision, contending that he and his wife had attempted to appear, but en route had a flat tire that delayed them. In his objections, defendant set forth various arguments in opposition to the judgment awarded to plaintiff. The trial court overruled the objections, and defendant appeals, assigning the following errors:
 I. APPELLANT BELIEVES THAT THE MUNICIPAL COURT ERRED IN GRANTING APPELLEE THE FULL AMOUNT OF 1,740.00, OR 1,400.00, PLUS COURT COST, WITHOUT CONSIDERING THE LANDLORD'S [sic] TENANT LAWS GOVERNING OHIO. SEE RC 5321.16, WHICH WERE PRESENTED IN APPELLANTS [sic] OBJECTIONS TO THE MAGISTRATE'S DECISION.
 II. APPELLANT ALSO BELIEVES THAT IN DENYING HIM THE RIGHT TO BE HEARD THE COURT NEVER ESTABLISHED OR DETERMINED THE MEANING OF PERIODIC TENANCH [sic] AS OUTLINED IN THE LANDLORD-TENANT RELATIONSHIP, (OHIO LANDLORD TENANT LAW), TEXT 2.34, STEINER V. MINKOWSKI, 72 Ohio App.3d 754, 596 N.E.2d 492 (LUCAS 1991), AND BY SO DOING THE COURT AWARDED APPELLEE 475.00 FOR THE MONTH OF APRIL AND 475.00 FOR THE MONTH OF MAY LONG AFTER APPELLANT AND FAMILY HAD MOVED OUT.
Because defendant's assigned errors are interrelated, we address them jointly. Together they challenge the propriety of the trial court's awarding judgment to plaintiff in the amount of $1,400.
Defendant's appeal presents some difficulty in reaching the merits of the issues he raises. Specifically, the magistrate in this case filed a decision which includes no findings of fact and conclusions of law, an outcome contemplated under Civ.R. 53, as amended July 1, 1995. Had defendant wanted findings of fact and conclusions of law from the trial court, he could have requested those under Civ.R. 53 (E)(2). Because defendant did not, and because the record contains no transcript of the proceedings before the magistrate, neither the record nor the magistrate's decision reveals the evidence the magistrate considered, much less any findings made from that evidence.
Accordingly, we have only defendant's objections to the magistrate's decision. Civ.R. 53(E)(3)(b) contemplates that objections to factual findings will be determined on the evidence presented to the magistrate, unless the court determines to hear additional evidence or the entire case, under Civ.R. 53(E)(4)(b). Here, the parties had no transcript to present to the trial court. Moreover, the trial court did not explicitly determine it would hear additional evidence, and apparently conducted no additional hearing to take evidence under oath. The record, as contemplated under Civ.R. 53, thus presents no basis for rejecting or modifying the magistrate's decision.
Nonetheless, the parties submitted documents in support of and in opposition to defendant's objections. Even if the trial court properly could consider the additional materials submitted with the objections, and assuming the trial court did so, the trial court did not err in overruling the objections.
Specifically, defendant's objections initially contend defendant failed to appear because he had a flat tire en route to the hearing. Defendant's objections, however, fail to explain how the flat tire delayed him nearly two hours beyond the appointed court time. Nor do the objections explain why defendant failed to call the court to explain his delay. Defendant's objections next contend defendant never signed a written lease with plaintiff requiring a thirty to sixty-day notice. Contrary to defendant's contentions, however, a written lease is not a prerequisite. See R.C. 5321.01(D). Finally, defendant contends plaintiff did not return his security deposit, even though no damage was done to the residence in excess of three broken windows. Even if defendant's documents support that contention, plaintiff presented the trial court other documentation supporting the awarded damages.
For the foregoing reasons, the trial court did not err in overruling defendant's objections and allowing the decision of the magistrate, adopted by the trial court, to be the judgment of the court in this matter. Defendant's two assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
PETREE and TYACK, JJ., concur.