OPINION
{¶ 1} This appeal arises out of a forcible entry and detainer action in the Steubenville Municipal Court of Jefferson County, Ohio. It appears from the record that the landlord's notice to vacate did not conform to the requirements of R.C. 1923.04 and was invalid. The trial court judgment is therefore reversed and the forcible entry and detainer complaint is dismissed.
 {¶ 2} Appellant Donald Adams was a tenant at 1219-1/2 Tweed Ave. and failed to pay $250 in rent in December of 2002. (Tr. p. 13.) Appellant or his girlfriend also broke a window and window frame in the apartment some time that month. (Tr. p. 12.) Appellant continued to pay rent from January through May of 2003, and paid $150 of the rent arrearage during that time period. On or about May 15, 2003, Appellee Ruth Mularcik, the landlord, sent Appellant a "Notice to Vacate Premises." R.C. § 1923.04(A) requires such a notice to be sent as a precondition to filing a forcible entry and detainer complaint. The notice requested that Appellant vacate the premises within fifteen days due to the rent arrearage and the broken window. On June 5, 2003, Appellee filed a forcible entry and detainer complaint in the Municipal Court of Steubenville. The matter went to trial on June 20, 2003. At some point prior to trial Appellant apparently paid another $50 on the arrearage, but still owed $50 in back rent. On June 24, 2003, the municipal court granted Appellee's complaint, giving Appellant until June 27, 2003 to move from the premises. This timely appeal followed.
 {¶ 3} On July 7, 2003, this Court granted Appellant's request for a stay of execution of the municipal court judgment on condition that Appellant pay all back rent, stay current with ongoing rental payments, and commit no acts that damage the property.
 {¶ 4} Appellant presents four arguments on appeal, which will be dealt with out of order for purposes of this Opinion.
 {¶ 5} Appellant's second and third assignments of error state:
 {¶ 6} "The trial court erred in failing to find that appellee waived the notice to vacate by accepting future rent for June 2003 after service of the notice to vacate.
 {¶ 7} "The trial court erred in not finding that appellee waived her right to evict by accepting future rent payments for six months after Mr. Adams failed to pay december rent and caused damage to the property."
 {¶ 8} Appellant alleges that Appellee is his landlord and that Appellee accepted a rent payment after she filed her forcible entry and detainer complaint. Appellant correctly asserts that a landlord who accepts future rent payments afterthe landlord delivers the notice required by R.C. § 1923.04(A), generally waives the right to use that notice to support a subsequent eviction action (usually stated as a "waiver of the notice to vacate"). Associated Estates Corp. v. Bartell (1985),24 Ohio App.3d 6, 9, 492 N.E.2d 841; Shimko v. Marks (1993),91 Ohio App.3d 458, 463, 632 N.E.2d 990; Simco Mgt. Corp. v.Snyder (Mar. 20, 2000), 7th Dist. No. 98 CA 210.
 {¶ 9} A landlord may accept past due rent payments after delivering the notice to vacate without waiving the right to proceed with the eviction action. Graham v. Pavarini (1983),9 Ohio App.3d 89, 92, 458 N.E.2d 421.
 {¶ 10} Although Appellant correctly asserts the aforementioned legal principles, there is no evidence in the record supporting the contention that Appellee accepted future rent payments after the delivery of the notice to vacate. Appellant does not attempt to support this argument with reference to anything in the record. Appellee did not waive her right to pursue the eviction by accepting rent payments priorto the delivery of the notice to vacate. The waiver only occurs by accepting future rent payments after the notice has been delivered. Associated Estates Corp., supra,24 Ohio App.3d at 9, 492 N.E.2d 841. Therefore, the second and third assignments of error are overruled.
 {¶ 11} Appellant's fourth assignment of error asserts:
 {¶ 12} "Equitable considerations weighed against the trial court's decision to evict Mr. Adams."
 {¶ 13} Appellant argues that there were equitable factors that the trial court should have considered and these should have prevented judgment in Appellee's favor. Appellant does not cite any authority supporting his conclusion that a forcible entry and detainer action is a proceeding invoking the equitable discretion and authority of the court. Appellant cites a number of cases dealing with forfeitures and quiet title actions, but these are very distinct from forcible entry and detainer actions:
 {¶ 14} "`Forcible entry and detainer is a legal action specifically designed to determine the right of possession between parties who are in controversy upon the question. The machinery of the law is set up to determine this right and further to quickly and effectively put the successful party into possession. The equity arm of the court should not be invoked in such a proceeding as this if the relief can be secured at law.'"Fodor v. First Natl. Supermarkets, Inc. (1992),63 Ohio St.3d 489, 492, 589 N.E.2d 17, quoting Standard Oil Co. v. Carr
(1937), 24 Ohio Law Abs. 278, 280.
 {¶ 15} Appellant admitted at trial, and concedes on appeal, that he was in arrears on his rent at the time that Appellee filed her forcible entry and at the time the case was heard. Appellant also concedes that a window was broken in the apartment and there is no mention that it was ever repaired. Thus, it appears that there were two bases for the trial court to consider granting Appellee's forcible entry and detainer complaint. Appellant's fourth assignment of error is without merit and is overruled.
 {¶ 16} Appellant's first assignment of error states:
 {¶ 17} "The trial court lacked subject matter jurisdiction over the eviction action because the notice to vacate delivered to appellant failed to comply with R.C. § 1923.04."
 {¶ 18} Appellant argues that the fifteen-day notice sent by Appellee on May 15, 2003, did not conform to the requirements of R.C. § 1923.04(A), and therefore, the forcible entry and detainer action was not properly commenced in the municipal court. R.C. §1923.04(A) states:
 {¶ 19} "Except as provided in division (B) of this section, a party desiring to commence an action under this chapter shallnotify the adverse party to leave the premises, for the possession of which the action is about to be brought, three or more days before beginning the action, by certified mail, return receipt requested, or by handing a written copy of the notice to the defendant in person, or by leaving it at his usual place of abode or at the premises from which the defendant is sought to be evicted.
 {¶ 20} "Every notice given under this section by a landlord to recover residential premises shall contain the followinglanguage printed or written in a conspicuous manner: `You are being asked to leave the premises. If you do not leave, an eviction action may be initiated against you. If you are in doubt regarding your legal rights and obligations as a tenant, it is recommended that you seek legal assistance.'" (Emphasis added.)
 {¶ 21} Appellant's argument is correct. First, it is clear that the notice to vacate letter required by R.C. 1923.04(A) is a jurisdictional prerequisite to filing a forcible entry and detainer complaint. Voyager Village Ltd. v. Williams (1982),3 Ohio App.3d 288, 291, 444 N.E.2d 1337.
 {¶ 22} Secondly, the use of the word "shall" in a statute is construed as mandatory unless there is clear and unequivocal legislative intent that the word should be construed otherwise.Ohio Civ. Rights Comm. v. Countrywide Home Loans, Inc.,99 Ohio St.3d 522, 2003-Ohio-4358, 794 N.E.2d 56, ¶ 4. R.C. 1923.04(A) states that the notice shall contain the specific language used in the statute. Appellee's May 15, 2003, notice did not contain the exact language of the statute. Rather, the letter contained a partial paraphrase of the statutory language. For example, the statute contains the following mandatory language: "If you are in doubt regarding your legal rights and obligations as a tenant, it is recommended that you seek legal assistance." Appellee's notice stated: "If you do not understand any of the contents of this letter, it is strongly recommended that you seek the advice of an attorney of your choosing." Appellee's paraphrase does not contain the same information that is in the statute, and certainly does not attempt to track the exact language of the statute.
 {¶ 23} The only case that Appellee has cited in rebuttal does not deal with the issue at hand. The case of Greene Metro. Hous.Auth. v. Manning (Feb. 19, 1999), 2nd Dist. No. 98-CA-55, deals with the issue of whether certain words were printedconspicuously on the notice to vacate such that a sight-impaired tenant could actually read the notice. The notice at issue inGreene Metro. Hous. Auth. apparently contained the language required by R.C. 1923.04, and therefore, the case is not useful for resolving the present assignment of error.
 {¶ 24} Although there does not appear to be any Ohio caselaw dealing with the precise issue at hand, numerous cases have determined that a forcible entry and detainer action cannot be properly initiated without the prior delivery of a legally sufficient notice to vacate as required by R.C. 1923.04(A). See, e.g., Forest City Mgt., Inc. v. Tackett, 148 Ohio App.3d 667,2002-Ohio-4101, 775 N.E.2d 555, ¶ 34; Gvozdanovic v. WoodfordCorp. (2000), 139 Ohio App.3d 11, 29, 742 N.E.2d 1145; Steinerv. Minkowski (1991), 72 Ohio App.3d 754, 761, 596 N.E.2d 492;Associated Estates Corp., supra, 24 Ohio App.3d at 9,492 N.E.2d 841. Appellee's notice to vacate does not conform to the requirements of the statute, and therefore, was not a sufficient prerequisite to initiating a forcible entry and detainer complaint.
 {¶ 25} Appellant's first assignment of error is sustained because the notice to vacate that Appellant received did not conform to the requirements of R.C. 1923.04(A), and because this notice is a prerequisite to initiating a forcible entry and detainer complaint. The other three assignments of error make factual assertions that have no basis in the record, and those arguments are overruled. The judgment of the Municipal Court of Steubenville is hereby reversed and the forcible entry and detainer complaint is dismissed.
Donofrio, J., concurs.
DeGenaro, J., concurs in part and dissents in part; see concurring in part and dissenting in part opinion.