[Cite as *State v. Roach*, 2017-Ohio-8511.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                      Court of Appeals No. L-16-1303

     Appellee                                   Trial Court No. CRB1600856

v.

David Roach                                      **DECISION AND JUDGMENT**

     Appellant                                  Decided:  November 9, 2017

* * * * *

Robert A. Pyzik, Chief Prosecutor, and Christy L. Cole, Assistant
Prosecutor, for appellee.

Tyler Naud Jechura, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a November 16, 2016 judgment of the Sylvania

Municipal Court, Lucas County, Ohio, ordering appellant to pay restitution to the victim

for claimed lost wages as a result of being subpoenaed in the underlying case to appear in

court by the state. For the reasons set forth below, this court reverses the judgment of the trial court.

{¶ 2} Appellant, David Roach, sets forth the following two assignments of error:

THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE VICTIMS [SIC] MOTION FOR RESTITUTION BECAUSE THE VICTIM LACKED STANDING.

THE TRIAL COURT ABUSED IT [SIC] DISCRETION WHEN AWARDING RESTITUTION BECAUSE OHIO REVISED CODE SECTION 2929.28(A)(1) IS UNCONSTITUTIONAL AS APPLIED TO CLAIMS FOR LOSS [SIC] WAGES IN CONNECTION WITH A VICTIMS [SIC] APPEARANCE WHEN ORDERED BY SUBPEONA.

{¶ 3} The following undisputed facts are relevant to this appeal. On May 2, 2016, appellant was charged with two counts of telecommunications harassment, in violation of R.C. 2917.21. On May 25, 2016, appellant entered a guilty plea on one count of telecommunications harassment in exchange for the second count being dismissed. The record reflects that there was no discussion about restitution, nor was it part of the plea agreement.

{¶ 4} On July 18, 2016, appellant's sentencing hearing was conducted. At sentencing, the victim motioned the court for restitution. She requested $500 in restitution for wages that she claimed to have lost as a result of having to appear in court. Defense counsel filed a motion in opposition. The hearing was continued.

2.

**{¶ 5}** On August 10, 2016, the hearing was concluded. The trial court inquired about the restitution issue and was advised that the victim directly made the motion for restitution, it was not made through the state. Defense counsel again objected to restitution. The victim was then questioned by both the court and defense counsel. On October 12, 2016, the court granted the victim's motion for restitution.

**{¶ 6}** On November 16, 2016, the court sentenced appellant to pay $324 in restitution. This appeal ensued.

**{¶ 7}** In appellant's first assignment of error, he maintains that the court abused its discretion in awarding the $324 in restitution for claimed lost wages. We concur.

**{¶ 8}** We note that the abuse of discretion standard of review governs this restitution appeal. In order to demonstrate an abuse of discretion, it must be shown that the trial court's action was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 9}** It is well-established that a restitution order should include economic loss suffered by the victim shown to be a direct and proximate result of the defendant's participation in the criminal act. *See State v. Wilson*, 2d Dist. Montgomery No. 2014-M-26488, 2015-Ohio-3167, ¶ 10; *State v. Daniels*, 1st Dist. Hamilton No. C-150042, 2015-Ohio-5348, ¶ 27.

**{¶ 10}** Under R.C. 2929.28(A) (1), the court cannot order restitution that exceeds "[T]he amount of economic loss suffered by the victim as a direct and proximate result of the commission of the offense."

3.

**{¶ 11}** Furthermore, R.C. 2929.01(L) economic loss is defined as:

Any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any loss of income due to lost time at work because of any injury caused to the victim, and any property loss, medical cost, or funeral expense incurred as a result of the commission of the offense. Economic loss does not include non-economic loss or any punitive or exemplary damages.

**{¶ 12}** Therefore, R.C. 2929.28(A)(1) and 2929.01(L) explicitly restrict restitution in an underlying criminal case to loss of income due to lost time at work because of an injury caused to the victim that is the direct and proximate result of the commission of the offense and does not include loss of wages due to lost time at work attending court appearances that are associated with the criminal case. The victim may have civil remedies, but this type of restitution to a victim is not permitted in the criminal case.

**{¶ 13}** Further, under Ohio law, the parties in a criminal case are the defendant and the state, not the victim. *Grubb v. Buehrer*, 10th Dist. Franklin No. 15AP-576, 2016-Ohio-4645, ¶ 20. Accordingly, a victim does not possess the requisite standing to unilaterally make a motion in a criminal case regarding restitution. *State v. Stechschulte*, 11th Dist. Lake No. 2013-L-027, 2014-Ohio-4291, ¶ 16.

**{¶ 14}** Based upon the forgoing, we find appellant's first assignment of error well-taken. Based upon the court's determination in response to the first assignment of error, the remaining assignment of error is moot.

4.

{¶ 15} Wherefore, the judgment of the Sylvania Municipal Court is hereby reversed. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.