[Cite as *Zipfel v. Reimonenque*, 2019-Ohio-5151.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Dennis Zipfel                                          Court of Appeals No. L-19-1083

        Appellee                                    Trial Court No. CVG 18-00852

v.

Melissa Reimonenque                          **DECISION AND JUDGMENT**

        Appellant                                    Decided:  December 13, 2019

* * * * *

Veronica L. Martinez, for appellant.

* * * * *

**ZMUDA, J.**

{¶ 1} This matter is before the court on appeal from the March 19, 2019 judgment of the Sylvania Municipal Court, awarding damages and attorney's fees on a landlord's complaint.  For the reasons that follow, we reverse and vacate the judgment.

**I.  Background**

{¶ 2} Appellee Dennis Zipfel and appellant Melissa Reimonenque were previously in a romantic relationship, and lived together from March 2017 until Zipfel was charged

with domestic violence against Reimonenque in March 2018. The court in the criminal proceeding entered a temporary protection order for Reimonenque as the protected person, preventing Zipfel from living at the couple's residence. On May 10, 2018, the court in the criminal case ordered Reimonenque to vacate the property by May 31, 2018. Reimonenque did not move by that date, and Zipfel served her with written notice of eviction on June 5, 2018.

{¶ 3} These proceedings began as a landlord's complaint, filed on June 12, 2018, pursuant to R.C. 1923.02(A)(5). In his complaint, Zipfel alleged Reimonenque was "holding over" without permission of the owner. Zipfel requested restitution of the premises, and the right to pursue any actual damages. Within that pleading, Zipfel indicated he posted written notice to leave the premises on the door on June 5, 2018. Summons initially issued to an incorrect address, with new summons sent on June 19, 2018. Return of service indicated receipt on June 22, 2018, with delivery by taping the summons to the door.

{¶ 4} On July 10, 2018, counsel entered an appearance on behalf of Reimonenque, and the parties executed a handwritten, consent judgment entry, which provided:

> Both parties present with their respective counsel. Court finds agreements
>
> reached. Judgment for restitution of the premises awarded to Plaintiff.
>
> Writ to issue forthwith. Stay on execution of writ until July 31, 2018.
>
> Parties further acknowledge and agree to a dismissal of their Count 1 of
>
> Plaintiff's 6/12/18 Complaint conditioned upon Defendant's departure on

2.

or before July 31, 2018 AND proof of utility payments through that date and leaves the premises in acceptable condition.

{¶ 5} On August 7, 2018, Reimonenque filed an answer to the complaint. The trial court scheduled the matter for hearing on damages, and the parties engaged in settlement discussions, consenting to continuances of scheduled court dates.

{¶ 6} After no settlement was reached, the matter was called for trial to the court on February 28, 2019. The parties each appeared with counsel and presented testimony and evidence. Zipfel proffered exhibits including documentation of the fair market rental value for the property and internet printouts, purporting to represent Reimonenque's misdemeanor criminal offenses, dating back to 1993. Additionally, Zipfel proffered a court entry from his domestic violence criminal proceedings, captioned as *State of Ohio v. Dennis C. Zipfel*, Sylvania Municipal Court case No. CRB1800510. In the criminal proceeding, Zipfel indicated that the domestic violence charges, and the protection order issued as a consequence, compelled him to vacate the premises in which the parties resided together. The court's entry in the domestic violence case, file-stamped May 10, 2018, provided as follows:

PLEASE BE ADVISED THAT THE JUDGE'S ENTRY READS AS FOLLOWS IN THE ABOVE STATED CASE:

VICTIM (MELISSA L. REIMONENQUE), WILL RETURN DEFENDANTS KEYS AND CAR TO SYLVANIA CITY POLICE DEPARTMENT AT 4 PM ON 5/10/18

3.

2) VICTIM, MELISSA L. REIMONENQUE, WILL VACATE DEFENDANT'S RESIDENCE BY 5/31/18

3) VICTRIM [sic], MELISSA REIMONENQUE, WILL RETRIEVE PERSONAL EFFFECTS 5/12/18 AT 2 PM FOR STORAGE UNIT (DEFENDANT STATES THAT HE WILL NOT BE PRESENT)

{¶ 7} At trial, Zipfel's counsel characterized the criminal entry as an agreement, asking Reimonenque if she "entered into an agreement with the prosecutor on May 10th, 2018 where you agreed to remove yourself from the premises that Mr. Zipfel owned at Brint Haven by 31st." Zipfel presented no evidence of any damage to the premises, and did not dispute full payment of all utilities, per the parties' agreement contained with the consent judgment in the eviction proceedings.

{¶ 8} Reimonenque also introduced exhibits, including the signed and notarized writing that memorialized the rental terms, prepared for the school district to establish residency. That document provided, in full:

Dennis Zipfel owner of 5146 Brinthaven Sylvania, Ohio 43560 hereby confirms that Melissa Reimonenque & her son [M. R.] do live at 5146 Brinthaven and that her rent is having the utilities into her name and being responsible for paying them.

(signed by the parties and notarized on March 15, 2017)

Reimonenque also provided documentation that demonstrated full payment of utilities through July 31, 2018, and she testified she left the premises in good condition.

4.

{¶ 9} At the close of trial, the trial court took the matter under advisement.

{¶ 10} On March 19, 2019, the trial court entered its decision as to the only pending claim, damages, and deemed May 31, 2018, as the date Reimonenque was to vacate the premises, rather than the date recited in the consent judgment entry. The trial court, further, deemed Reimonenque's continued occupation, after May 31, as a holdover tenancy, subject to terms that differed from the parties' written agreement. The consent entry, however, provided for a stay of restitution, conditioned on Reimonenque's continued compliance with the parties' agreement, or payment of all utilities until July 31, 2018.

{¶ 11} In finding an earlier termination date applied, the trial court relied on proceedings in the wholly separate criminal matter, Zipfel's domestic violence case. In that criminal proceeding, in which Reimonenque was identified as the victim, the trial court stated, "Victim, [Reimonenque] will vacate Defendant's residence by 5/31/18." Aside from the trial court's entry in the criminal proceeding, Zipfel presented no evidence to support any prior eviction proceedings for the subject property. Instead, as indicated by Zipfel, he posted notice to leave the premises on the door of the residence on June 5, 2018, after Reimonenque failed to vacate the premises on May 31, 2018.

{¶ 12} The trial court determined that Reimonenque became a holdover tenant after May 31, characterizing the court entry in the domestic violence proceeding as her "representation" of consent to vacate the premises. Therefore, the trial court reasoned,

5.

Reimonenque's failure to vacate left Zipfel with nowhere to live, causing him to file a landlord's complaint to regain possession of the premises.

{¶ 13} While acknowledging the parties' writing satisfied the requirements for a rental agreement under R.C. 5321.01(D), the trial court determined the month-to-month tenancy terminated with the court entry in the criminal case, and Zipfel could recover the fair market value for rent of the premises after that date. The trial court awarded Zipfel damages based on $2,000 per month, fair-market rent, along with his costs and attorney fees, with set-off for amounts paid after May 31, for total damages of $4,871.61.

{¶ 14} This appeal followed, with Reimonenque asserting the following as error:

I. THE TRIAL COURT ERRED IN FAILING TO FOLLOW THE EVICTION PROCESS REQUIRED UNDER CHAPTERS 5321 AND 1923 OF THE OHIO REVISED CODE.

II. THE TRIAL COURT ERRED IN FINDING THE AGREED JUDGMENT ENTRY FOR THE FIRST CAUSE OF ACTION CONSTITUTED RES JUDICATA IN THE SECOND CAUSE OF ACTION.

## II. Analysis

{¶ 15} The General Assembly provides clear guidance on how one domestic partner may end the residential tenancy component of their relationship, including instances in which the parties previously had an agreement, commemorated in writing, governing that tenancy. In her first assignment of error, Reimonenque argues the trial

6.

court erred in failing to comply with the process under R.C. Chapters 5321 and 1923. Because this appeal concerns application of statute, we review the trial court's determination, de novo, as interpretation of statute is a matter of law. *Snyder v. Wyle*, 6th Dist. Lucas No. L-17-1019, 2017-Ohio-7990, ¶ 16, citing *State v. Straley*, 139 Ohio St.3d 339, 2014-Ohio-2139, 11 N.E.3d 1175, ¶ 9. The trial court's factual determinations, however, are entitled to deference, and we will not disturb findings that are supported by substantial, competent evidence. *Id.* at ¶ 17, citing *State v. DePew*, 38 Ohio St.3d 275, 277, 528 N.E.2d 532 (1988), *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶ 16} The trial court determined, as fact, that the parties had a valid, written rental agreement, with a month-to-month tenancy specified. R.C. 5321.01(D) defines a "rental agreement" as "any agreement or lease, written or oral, which establishes or modifies the terms, conditions, rules, or any other provisions concerning the use and occupancy of residential premises by one of the parties." While the parties' writing did not contain any language regarding duration of the tenancy, duration is not a required term for a lease. *See* R.C. 5321.06 (a landlord may include, as an optional term, a provision regarding "the duration of [the] agreement."). There is substantial, competent evidence to support the trial court's finding of a month-to-month lease.

{¶ 17} The trial court next found legal termination of the lease, based on the criminal court entry indicating Reimonenque "will vacate" the premises. Termination of a written lease is governed by statute, with termination of a month-to-month tenancy

7.

requiring "notice given [by the landlord] at least thirty days prior to the periodic rental date." R.C. 5321.17(B); *see also Steiner v. Minkowski*, 72 Ohio App.3d 754, 760, 596 N.E.2d 492 (6th Dist.1991). The record, upon which the trial court relied, contained no evidence of any notice provided by Zipfel to Reimonenque. Indeed, the court's entry in Zipfel's criminal proceedings failed to demonstrate any awareness of the landlord-tenant relationship or the legal rights Reimonenque possessed as a tenant. The entry merely indicated that Reimonenque was the victim of domestic violence, and that Reimonenque and her child would vacate the premises owned by Zipfel by a certain date. There is nothing in the criminal entry that recites any agreement to terminate a lease, and the entry does not comply with the thirty-day requirement governing notice of termination.

{¶ 18} Reimonenque argues that the trial court's order in the criminal proceedings could not terminate her tenancy, because she was not a party to that action. This raises the issue of jurisdiction, and is pertinent in determining the legal effect of the order to Reimonenque that she "will vacate" the premises. While the trial court appeared to exercise proper subject-matter jurisdiction over the domestic violence prosecution, pursuant to R.C. 1901.20(A)(1), Reimonenque—as victim—was not a party to that action. *See State v. Roach*, 6th Dist. Lucas No. L-16-1303, 2017-Ohio-8511, ¶ 13, citing *Grubb. v. Buehrer*, 10th Dist. Franklin No. 15AP-576, 2016-Ohio-4645, ¶ 20 ("under Ohio law, the parties in a criminal case are the defendant and the state, not the victim"). Without viewing the actual criminal complaint against Zipfel, it is also clear that a domestic violence criminal complaint does not invoke that court's jurisdiction over a

8.

victim's tenancy claims, because "prosecution of a criminal case is strictly against the accused." *Wacksman v. Harrell*, 174 Ohio St. 338, 342, 189 N.E.2d 146 (1963).

{¶ 19} While the criminal entry, ordering Reimonenque to vacate the premises, arguably placed her on notice that her tenancy was nearing an end and eviction proceedings could be in her future, the trial court had not yet acquired jurisdiction over any eviction proceedings, and lacked personal jurisdiction over Reimonenque in the criminal case. A criminal court may not adjudicate property rights against non-parties, and without personal jurisdiction, any order purporting to do so is a nullity. *Ace Diamond & Jewelry Brokers, Inc. v. Sweeney*, 24 N.E.3d 1187, 2014-Ohio-5226, ¶ 42 (7th Dist.).

{¶ 20} We find no legal authority to support the termination of a victim's tenancy within a criminal proceeding, as ordered by the court prosecuting the accused for domestic violence. Instead, in criminal proceedings with related property disputes, there is authority indicating courts *may not* adjudicate the property rights of non-parties, even if that property has a connection to the criminal proceedings. As the Ohio Supreme Court noted, in considering jurisdiction over a non-party pawnbroker in possession of stolen goods:

> [I]t is axiomatic that one may not be deprived of property in his possession in a proceeding to which he is not a party. Therefore, in the criminal prosecution of a person charged with stealing and pawning an allegedly stolen article, it is beyond the power and function of the judge to

determine and adjudge the ownership of such property as between the pawnbroker and the one claiming to be the true owner. This is a matter for the civil courts in an appropriate action. * * *

It may be supposed that a reputable pawnbroker would voluntarily surrender pawned articles in his possession, where there is plain proof of their theft with a clear identification of the real owner; nevertheless the pawnbroker is entitled to test ownership and possessory rights in a civil action if he so elects.

(Internal citations omitted.) *Wacksman*, 174 Ohio St. at 342-343, 189 N.E.2d 146.

{¶ 21} Because the criminal court did not exercise personal jurisdiction over Reimonenque, and had no authority within the domestic violence prosecution to terminate her tenancy interest, the criminal entry did not satisfy the requirements for termination of a month-to-month lease. Accordingly, we consider the issue of termination, pursuant to the statutory scheme. Here, the record reflects Zipfel sought to regain the premises through an action for forcible entry and detainer proceeding under R.C. Chapter 1923, without first providing notice of termination of the month-to-month tenancy. However, Zipfel's initiation of eviction proceedings was insufficient as notice to terminate the month-to-month lease as of May 31, 2018.

{¶ 22} Statute governs the termination and the eviction process. "A three-step process must be followed in order to terminate a landlord/tenant relationship through a forcible entry and detainer action." *Steiner*, 72 Ohio App.3d at 761, citing *Siegler v.*

10.

*Batdorff*, 63 Ohio App.2d 76, 83, 408 N.E.2d 1383 (8th Dist.1979), at paragraph two of the syllabus. A landlord must provide a notice of termination of tenancy pursuant to R.C. 5321.17 and a notice to vacate pursuant to R.C. 1923.04. After a notice to vacate is served, a landlord may then file a landlord's complaint. *Steiner* at 761. Here, we have evidence that Zipfel posted a notice to vacate on June 5, 2018, pursuant to R.C. 1923.04, followed by filing a landlord's complaint on June 12, 2018. As noted by Reimonenque, however, the record demonstrates that Zipfel never provided the proper 30-day notice of termination of the month-to-month tenancy.

{¶ 23} Upon receipt of the landlord's complaint, Reimonenque appeared, through counsel, and the parties entered a consent judgment as to restitution of the premises, with a stay of restitution conditioned on Reimonenque continuing to pay all utilities until she vacated on July 31, 2018. Thus, the consent judgment indicates an agreement to continue the prior terms of the parties' rental agreement as a condition for remaining on the premises until July 31, 2018.[1] The record demonstrates Reimonenque paid all utilities in full through July 31, 2018, and she vacated the premises by that date.

---

[1] Zipfel consented to Reimonenque remaining in possession until July 31, 2018, conditioned on her continued payment according to the terms of the parties' month-to-month lease. Therefore, Zipfel's position that Reimonenque remained as a holdover tenant, obligated to pay market value rent, appears to contradict the terms recited in the parties' consent judgment. While this judgment did not address the issue of damages, the terms are part of the record and suggest agreement to extend the terms of the lease, regardless of the type of tenancy. *See Steiner*, 72 Ohio App.3d at 762, citing *Craig Wrecking Co. v. S.G. Loewnedick & Sons, Inc.*, 38 Ohio App.3d 79, 81, 526 N.E.2d 321 (10th Dist.1987) ("if the tenant holds over and continues paying the same rent, an implied contract arises and is governed by the provisions of the original lease.").

11.

{¶ 24} Despite Reimonenque's adherence to all conditions, and without any evidence of the statutorily required notice of termination, the trial court determined that Reimonenque was a holdover tenant from May 31, 2018, the date in the criminal entry indicating she "will vacate." The trial court agreed with Zipfel's contention that Reimonenque somehow breached the lease agreement by failing to vacate as indicated in the criminal entry, despite no terms within the lease regarding a breach under such circumstances. The trial court also treated Reimonenque as a party in the criminal proceeding, and appeared to agree with Zipfel that Reimonenque relinquished her tenancy rights by appearing in that criminal proceeding as the domestic violence victim. We find no legal authority to support this treatment, and therefore, no support for the holdover tenancy determination by the trial court.

{¶ 25} A holdover tenancy occurs when the tenant remains in possession of the premises after proper termination of the lease. *Steiner*, 72 Ohio App.3d at 762, citing *Craig Wrecking Co. v. S.G. Loewnedick & Sons, Inc.*, 38 Ohio App.3d 79, 81, 526 N.E.2d 321 (10th Dist.1987). While Reimonenque appeared in the criminal proceedings and would have been aware of Zipfel's intentions, and she did relinquish the premises on July 31, 2018, there is no evidence Zipfel properly gave notice of termination, and nothing within the consent entry indicated waiver of any of her legal rights regarding termination of the lease. Therefore, the trial court erred in determining Reimonenque was a holdover tenant, and the award of damages, applying the fair market rental value for the property for the period beginning May 31, 2018, was error. As Zipfel failed to

12.

demonstrate any unpaid utilities and presented no evidence of damage to the premises, moreover, the trial court should have entered judgment for Reimonenque on this claim.[2]

{¶ 26} Additionally, the trial court ordered Reimonenque to pay the costs of the proceedings. Pursuant to R.C. 1923.09(A), if after a hearing, "the judge concludes that the complaint is not true, the judge shall enter judgment against the plaintiff for costs. If the judge finds the complaint to be true, the judge shall render a general judgment against the defendant, in favor of the plaintiff, for restitution of the premises and costs of suit." In this case, the parties entered a consent judgment as to restitution, and the hearing addressed only damages. Because we determined the trial court erred in finding in favor of Zipfel regarding damages, it follows that it was also error to order Reimonenque to pay costs.

{¶ 27} Upon due consideration of the process required under R.C. Chapters 5321 and 1923, we find the trial court erred in determining the month-to-month lease was terminated by the criminal court entry on May 31, 2018, resulting in a holdover tenancy. Furthermore, the trial court's award of damages, having been determined based on this error, must be vacated. Reimonenque's first assignment of error, accordingly, is

---

[2] While not specifically raised by Reimonenque, the trial court also awarded Zipfel his attorney's fees as a component of damages. The Landlord Tenant Act permits an award of attorney's fees *to a tenant*, based on a landlord's violation of certain provisions under the Act. *See, e.g.,* R.C. 5321.15(C). We find no authority, however, permitting an award of attorney's fees to a landlord in an eviction proceeding, as in the present case.

13.

well-taken, and Reimonenque's second assignment of error is rendered moot by this determination.

### III. Conclusion

{¶ 28} We find Reimonenque's first assignment of error well-taken. Our conclusion with respect to the first assignment of error renders Reimonenque's second assignment of error moot. Accordingly, the judgment on the damages claim, entered in favor of Zipfel on March 19, 2019, is reversed and vacated, with judgment on the damages claim entered in favor of Reimonenque. Appellee Dennis Zipfel is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed and vacated.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Arlene Singer, J. _____

_____
Gene A. Zmuda, J. _____          JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.